UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                                  Plaintiff,

                    v.

JANICE CARROLL,
JOHN DOE,
MARY ROE, and
XYZ CORPORATION,

                                    Defendants.

_____

REPORT
and
RECOMMENDATION
-----------------------------
DECISION
and
ORDER

19-CV-1709JLS(F)

APPEARANCES:       PINCUS LAW GROUP
                        Attorneys for Plaintiff
                        KEVIN T. MacTIERNAN, and
                        SHERRI JENNIFER SMITH, of Counsel
                        425 RXR Plaza
                        Uniondale, New York  11556

## JURISDICTION

       This case was referred to the undersigned by Honorable John L. Sinatra, Jr. on

March 11, 2022, for all pretrial matters including preparation of a report and

recommendation on dispositive motions.  The matter is presently before the court on

Plaintiff's motion for default judgment of foreclosure and sale with attorney fees, and

amendment of the caption (Dkt, 18),[1] filed February 16, 2022.

_____

[1] Although Plaintiff's motion is dispositive as to the request for default judgment of foreclosure and sale with attorney fees, and is nondispostive insofar as Plaintiff seeks to amend the caption, the court addresses all requests in this combined Report and Recommendation/Decision and Order in the interest of judicial economy.

## BACKGROUND

Plaintiff United States of America ("Plaintiff"), commenced this real property foreclosure action pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") Art. 13, §§ 1301-1391, seeking to foreclose on a mortgage encumbering the premises located at 289 West Main Street, in Springville, New York ("the Property"). Plaintiff is the holder of the mortgage and underlying promissory note.  Plaintiff names as Defendants Janice Carroll ("Defendant" or "Carroll"), the Property's owner and mortgagor, as well as unidentified Defendants John Doe, Mary Roe, and XYZ Corporation ("Doe Defendants").  On December 2, 2020, Plaintiff, asserting it was unable to serve Carroll within New York, or, despite due diligence, to ascertain where Plaintiff resides, maintains an office to conduct business, or a place where Carroll can receive mail, moved to effect service by publication (Dkt. 10), which the court granted on February 8, 2021 (Dkt. 11).  On May 21, 2021, Plaintiff filed an Affidavit of Publication (Dkt. 12), attesting service by publication as directed by the February 8, 2021 order had been completed.

On June 18, 2021, Plaintiff moved for entry of default against Carroll who, despite service by publication, had yet to appear (Dkt. 13).  On June 21, 2021, entry of default was made by the Clerk of Court, with a copy mailed to Carroll at the subject Property's address (Dkt. 14), which was returned as undeliverable on June 28, 2021 (Dkt. 15).

On February 16, 2022, Plaintiff filed the instant motion ("Plaintiff's Motion") seeking foreclosure and sale of the Property and amendment of the caption to dismiss the Doe Defendants (Dkt. 18), attaching in support the Attorney Affirmation [of Kevin T.

MacTiernan, Esq.][2] for Judgment of Foreclosure and Sale (Dkt. 18 at 3-6) ("MacTiernan

Affirmation"), and exhibits A through I ("Plaintiff's Exh(s). __"), and proposed Order of

Judgment and Foreclosure Sale (Dkt. 18-1), and proposed Order Amending the Caption

to Dismiss John Doe, Mary Roe, and XYZ Corporation (DKt. 18-2).  On July 5, 2022,

Plaintiff filed an Amended Judgment of Foreclosure and Sale (Dkt. 22) ("Amended

Notice of Motion").  To date, Defendant has not responded in opposition, nor has

Plaintiff argued in further support of foreclosure and sale of the Property.  Oral argument

was deemed unnecessary.

Based on the foregoing, Plaintiff's Motion should be DENIED as to the request

for a default judgment of foreclosure and sale and attorney fees, and is GRANTED as to

the request to amend the caption.


## FACTS[3]

In the Complaint, Plaintiff seeks a judgment of foreclosure and sale related to the

Property mortgaged by Defendant Janice Carroll ("Defendant" or "Carroll"), for which

Plaintiff is the owner and holder of the mortgage and promissory note.  Plaintiff alleges

that on April 26, 2011, Plaintiff, acting through the Rural Housing Service of the United

States Department of Agriculture, lent Defendant a sum of $116,000.00, which

Defendant promised to repay with a 4.50% interest rate ("the Note").  Complaint ¶ 2.

This loan was secured through a mortgage ("the Mortgage") on Defendant's real

property located at 289 West Main Street, Springville, in Erie County, New York ("the

Property").  *Id*. ¶ 4.  On April 26, 2011, the Mortgage was recorded in the Erie County

---

[2] Unless otherwise indicated, bracketed material has been added.
[3] Taken from the pleadings and motion papers filed in this action.

Clerk's Office in mortgage book 13532, at page 2499.  *Id*. ¶ 5.  Plaintiff claims that

Defendant has violated the provisions of the Mortgage and Note by failing to pay the

required monthly installments of principal and interest beginning September 26, 2018,

and by failing to pay the real property taxes associated with the Property.  *Id*. ¶ 7;

MacTiernan Affirmation ¶ 7.

After commencing this action on December 26, 2019, Plaintiff, by letter dated

June 19, 2020, advised that in light of COVID-19, Plaintiff had extended a hold on the

file for 60 days from June 20, 2020, in compliance with New York Governor's Executive

Order, and requesting an extension of time until October 15, 2020 to complete service

(Dkt. 6), which, by a June 23, 2020 Text Order (Dkt. 7), was granted in part with

Plaintiff's deadline for service extended to September 15, 2020.  On November 16,

2020, Plaintiff was directed by Text Order (Dkt. 8) to file a status report by December 7,

2020, and Plaintiff complied by filing on December 2, 2020 a Status Report (Dkt. 9),

explaining that because of COVID-19, Plaintiff had extended its hold on the file, but the

Property was vacant and Plaintiff intended to move for service by publication.

Also on December 2, 2020, Plaintiff moved for service by publication (Dkt. 10),

explaining that attempts to serve the Summons and Complaint on Defendant at her last

known address, specifically, the Property's address, were unsuccessful because

Defendant was no longer residing at the Property, which was vacant, and Defendant left

no forwarding address.  Plaintiff also asserted it was unable, despite due diligence, to

effectuate service upon Defendant within New York by any method prescribed in New

York Civil Practice Law and Rules other than by publication.  Accordingly, Plaintiff

requested an order authorizing service by publication as well as an extension of time for

filing proof of such service.  By Order filed February 8, 2021 (Dkt. 11), District Judge

Sinatra granted Plaintiff's request for service by publication specifying publication

include the Summons and Complaint in this action against Carroll, as well as a notice

and brief statement of the object of the action and a brief description of the Property,

publication be in two newspapers, at least one in the English language, published and

distributed in Erie County, New York, and most likely to reach Defendant Carroll,

including The Buffalo Law Journal and the Springville Journal, once a week for four

consecutive weeks, with the first publication to be made by March 10, 2021.  On May

21, 2021, Plaintiff filed Affidavits of Publication (Dkt. 12), establishing the court-ordered

service by publication occurred for four consecutive weeks commencing February 25,

2021 and ending March 18, 2021 in the Springville Journal, and commencing February

26, 2021 and ending March 19, 2021 in Buffalo Business First newspapers.

On June 18, 2021, Plaintiff filed a request for entry of default, Dkt. 13, which, on

June 21, 2021, the Clerk of the Court entered against Defendant Carroll.  Dkt. 14.  The

copy of the Clerk's Entry of Default mailed to Defendant at the Property's address was

returned as undeliverable.  To date, no Defendant has attempted to cure the entry of

default, filed any response or made any appearance in this action.

## DISCUSSION

**1.    Motion to Amend the Caption**

Initially, the court addresses the instant motion insofar as Plaintiff seeks to

amend the caption to dismiss Defendants John Doe, Jane Roe, and XYZ Corp.

("unidentified Defendants") from this action, asserting the names of such unidentified

Defendants are fictitious and intended "to designate tenants or occupants, if any, having

an interest in possession upon the premises at issue."  MacTiernan Affidavit ¶ 14.

Plaintiff explains that because no tenants or occupants reside at the Property given that

the premises are vacant, the unidentified Defendants are unnecessary party defendants

to this action and the action's caption should be amended to omit such Defendants.  *Id*.

¶ 15.  Plaintiff's Motion is GRANTED as to this request and Plaintiff's claims against

these unidentified Defendants are therefore dismissed.

## 2.    Default Judgment

Plaintiff's Motion seeks Judgment of Foreclosure and Sale of the Property

pursuant to Fed. R. Civ. P. Rule 55(b) ("Rule 55__") pertaining to default judgments.

"Rule 55 provides a 'two-step process' for the entry of judgement against a party who

fails to defend: first the entry of a default, and second, the entry of a default judgment."

*City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011).  "The

entry of a default, while establishing liability, 'is not an admission of damages.'"  *Id*.

(quoting *Finkel v. Romanowicz,* 577 F.3d 79, 83 n. 6 (2d Cir.2009)).  "The second step,

entry of a default judgment, converts the defendant's admission of liability into a final

judgment that terminates the litigation and awards the plaintiff any relief to which the

court decides it is entitled, to the extent permitted by Rule 54(c).  *Id*.  In the instant case,

the first step was satisfied on June 21, 2021 when default was entered, (Dkt. 14), and

the court thus must consider whether the record supports entry of default judgment.

On a motion for default judgment, "a court must evaluate the following three

factors: (1) whether the defendant's default was willful; (2) whether defendant has a

meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting

party would suffer as a result of the denial of the motion for default judgment."  *First*

*Technology Capital, Inc. v. Airborne, Inc.*, 378 F.3d 212, 217 (W.D.N.Y. 2019) (citations and quotation marks omitted).  A defendant's failure to appear or to respond meets the procedural requirements for entry of default under Rule 55(b)(2), *see United States v. Knapp*, 2022 WL 28289944, at * 3 (N.D.N.Y. July 20, 2022), and the court thus discusses liability.

By failing to answer the Complaint or to otherwise oppose foreclosure or this motion, Defendant is deemed to have admitted the Complaint's factual allegations. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("a party's default is deemed to constitute a concession of all well pleaded allegations of liability.").  *See Mickalis Pawn Shop, LLC*, 645 F.3d at 128 (a court's entry of default "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff.").  Nevertheless, "[a] court's decision to enter a default against defendants does not by definition entitle plaintiffs to an entry of a default judgment.  Rather, the court may, on plaintiffs' motion, enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true." *Bricklayers and Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 188 (2d Cir. 2015).  Further, "[t]he decision whether to enter default judgment is committed to the district court's discretion . . . ." *Greathouse v. JHS Sec., Inc.*, 784 F.3d 105, 116 (2d Cir. 2015).  Even when a defendant admits all well-pleaded facts in the complaint by virtue of default, a district court "need not agree that the alleged facts constitute a valid cause of action," and may decline to enter a default judgment on that ground.  *Mickalis Pawn Shop, LLC*, 645 F.3d at 137.  Significantly, prior to entering default judgment, "a district court is

'required to determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law.'" *Id.* (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)).  Although the court find Plaintiff meets Rule 55(b)'s procedural requirements for default, the court thus considers whether Plaintiff has satisfied the substantive requirements of its claim.

In particular, "[i]n New York, prior to commencing a residential foreclosure action, a lender must comply with certain requirements set forth in the Real Property Actions and Proceedings Law." *CIT Bank N.A. v. Schiffman*, 168 N.E.3d 1138, 1140 (N.Y. 2021); *see OneWest Bank, N.A. v. Conklin*, 310 F.R.D. 40, 44 (N.D.N.Y. 2015) (same). A valid claim for relief under N.Y. RPAPL requires the plaintiff first establish the common law elements of: (1) the existence of a debt; (2) that is secured by a mortgage; and (3) a default on that debt.  *Conklin*, 310 F.R.D. at 44 (citing *U.S. Bank, N.A. v. Squadron VCD, LLC*, 504 Fed.Appx. 30, 32 (2d Cir. 2012)).  Second, the plaintiff must comply with RPAPL service and filing requirements: (1) service of the statutory notice on the mortgagor prior to commencing the action, (2) service of the statutory notice on the mortgagor with the summons and complaint, (3) filing the required information with the superintendent of the New York State Department of Financial Services, (4) service of a summons containing specified language, and (5) filing the notice of pendency in compliance with N.Y. RPAPL § 1331 and New York C.P.L.R. § 6511(a).  *Id.*  In the instant case, Plaintiff has alleged that Carroll owes a debt, that her debt is secured by a mortgage in favor of Plaintiff, and that she is in default on that debt.  Complaint ¶¶ 2-8. Plaintiff thus has established the so-called "common law elements" of a mortgage

foreclosure claim.  *Conklin*, 310 F.R.D. at 44.  Plaintiff, however, has not submitted evidence of its compliance with one of the remaining RPAPL requirements.

In particular, Plaintiff has shown compliance with RPAPL § 1331 and CPLR § 6511(a) by filing a notice of pendency and copy of the Complaint with the Erie County Clerk.  Dkt. 18 at 22-23 (copy of the Summons and Complaint bearing Erie County Clerk stamp); *id.* at 119-23 (notice of pendency and legal description of the Property bearing Erie County Clerk stamp).  The copy of the foreclosure notice required by N.Y. RPAPL §§ 1303 and 1320 and filed in this court contains, as required, a copy of the Mortgage and Note, attaching the notice of default, a notice listing sources of information and assistance to homeowners in foreclosure, and notices in a particular font specifically advising Defendant that she is in default and in danger of losing her home.  Although, as discussed above, Facts, *supra*, at 4-5, when Plaintiff was unable to obtain personal service on Defendant within New York, this court approved service by publication with which Plaintiff complied.[4]

Attached to the Complaint, however, is a copy of a filing Plaintiff submitted to the New York State Department of Financial Services, as required by N.Y. RPAPL § 1306, Complaint Exh. D ("Financial Services Document").  The Financial Services Document indicates that the "Filing Status" is "Step 1 Incomplete – Missing Mortgagee Info."

---

[4] The court notes that insofar as N.Y. RPAPL § 1304's notice provisions require that where the involved mortgage sought to be foreclosed is a "home loan," *i.e.*, a "debt incurred by the borrower primarily for personal, family, or household purposes," N.Y. RPAPL § 1304[6](a)(1)(ii), the requisite notice must be served on the borrower by register or certified mail, as well as by first-class mail, N.Y. RPAPL § 1304[2], at least 90 days prior to commencing legal action against the borrower.  N.Y. RPAPL § 1304[1].  Although the record here establishes Defendant was served by publication, and thus does not establish such requirements were followed, this requirement does not apply where, as relevant here, "the borrower no longer occupies the residence as the borrower's principle dwelling."  N.Y. RPAPL § 1304[3].  Because the Property is vacant, which was one of the grounds on which Plaintiff sought leave for service by publication, it logically follows the Property is no longer Plaintiff's principal dwelling such that the required service 90 days prior to commencing legal action does not apply.

Plaintiff does not address what information is missing and, as such, the court is unable to discern whether the Financial Services Document satisfies § 1306.  *See Knapp*, 2022 WL 2828994, at * 5 (citing *USA Residential Properties, LLC v. Jongebloed*, 161 N.Y.S.3d 842, 843 (2d Dept. 2022) (denying the plaintiff's motion for summary judgment in mortgage foreclosure action where the complaint did not contain an allegation that the plaintiff complied with § 1306, a condition precedent to suit), and *United States v. Scott*, 2021 WL 4942076, at *2 (N.D.N.Y. Oct. 22, 2021) (citing *CIT Bank N.A. v. Schiffman*, 168 N.E.3d 1138, 1145 (N.Y. 2021) ("the principal objective of the filings is to provide statistical data permitting [the Department of Financial Services] to accurately track and analyze loans at risk of foreclosure and properly allocate foreclosure counseling resources statewide").

Based on Plaintiff's failure to explain the information missing from the Financial Services Document required by § 1306, Plaintiff's Motion should be DENIED without prejudice and with leave to renew.

**3.    Attorney Fees**

Because the undersigned is recommending Plaintiff's Motion be denied, Plaintiff's additional request for attorney fees incurred in connection with the request for default judgment of foreclosure and sale, which Plaintiff seeks in the amount of $ 3,875.00.  MacTiernan Affirmation ¶ 20.  Nevertheless, because Defendant may renew the motion for default judgment of foreclosure and sale, the court observes that the Note executed by Defendant in connection with the Mortgage provides that in the event Defendant defaults on the note, Plaintiff "will have the right to be paid back by [Defendant] for all of its costs and expenses in enforcing this promissory note . . .

include[ing], for example, reasonable attorney's fees."  Note at 2 (Dkt. 18 at 9).  The court, however, also observes that such request is not supported by contemporaneous time records, a defect that has caused other courts to deny similar fee requests.  *See Nationtar Mortg. LLC v. Nedza*, 315 F. Supp. 3d 707, 712 (W.D.N.Y. 2018) (citing cases finding attorney fee requests defective for want of contemporaneous time records). Rather, "'any attorney . . . who applies for court-ordered compensation in this Circuit . . . must document the application with contemporaneous time records . . . specify[ing], for each attorney, the date, the hours expended, and the nature of the work done.'"  *Id*. (quoting *OneWest Bank, N.C. v. Cole*, 2015 WL 4429014, at * 6 (quoting N.*Y. State Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983))).  "An attorney may deviate from this 'strict rule . . . only in the rarest of cases.'"  *Id*. (quoting *Scott v. City of New York*, 626 F.3d 130, 133 (2d Cir. 2010)).  Even if the attorney fees sought are based on a so-called "flat fee" arrangement, the attorney is still required to present contemporaneous time records specifying the relevant dates and time expended on the work done.  *Id*. (citing *Cole*, 2015 WL 4429014, at * 6).

Because in the instant case, Plaintiff's request for attorney's fees is insufficient in its present form, if Plaintiff, upon renewing its motion for default judgment, again wishes to request associated attorney fees, Plaintiff should support the fee request with the required contemporaneous time records.

## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion (Dkt. 18) should be DENIED as to the requests for default judgment of foreclosure and sale and attorney fees, without prejudice and with leave to renew, and is GRANTED as to the request to amend the caption.

SO ORDERED, as to the
request to amend the caption.

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Respectfully submitted, as to the motion for default
judgment of foreclosure and attorney fees,

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:          September \_\_\_\_, 2022
               Buffalo, New York

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

<u>**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.**</u>

*Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and to the Defendants.

SO ORDERED.


_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE


DATED:        September ___, 2022
                   Buffalo, New York

13